# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR TEJADA,<br><br>              Plaintiff,<br><br>    v.<br><br>VARGAS, et al.,<br><br>              Defendants. | CASE NO. 1:11-cv–01953-AWI-BAM PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE |

      Plaintiff Victor Tejada is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on November 23, 2011. On November 28, 2011, an order issued requiring Plaintiff to consent or decline the jurisdiction of the Magistrate Judge within thirty days. On January 19, 2012, a second order issued ordering Plaintiff to consent or decline the jurisdiction of the Magistrate Judge within thirty days. On March 5, 2012, an order issued requiring Plaintiff to consent or decline the jurisdiction of the Magistrate Judge or show cause why this action should not be dismissed for failure to prosecute. Plaintiff was to respond within twenty days. More than twenty days have passed and Plaintiff has not complied or otherwise responded to the order. Plaintiff was warned that failure to respond would result in this action being dismissed.

      The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious

1

1  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
2  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability
3  of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d
4  1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court
5  in deciding what to do, and are not conditions that must be met in order for a court to take action.
6  Id. (citation omitted).

7        Based on Plaintiff's failure to comply with or otherwise respond to the court orders, the Court
8  is left with no alternative but to dismiss the action for failure to prosecute.  Id.  This action, which
9  has been pending since 2011, can proceed no further without Plaintiff's cooperation and compliance
10  with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.
11  Id.

12        Accordingly, this action is HEREBY DISMISSED for failure to prosecute, without prejudice.
13  IT IS SO ORDERED.

14
    Dated:  April 24, 2012                              _____
15                                                       CHIEF UNITED STATES DISTRICT JUDGE

2